Dear Mr. Badeaux:
You ask this office to advise if the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., prohibits a member of the Board of Adjustments of the City of Thibodaux from holding the position of full-time Deputy Marshal for the City of Thibodaux Marshal's Office. For the following reasons, it is the opinion of this office that the dual officeholding provisions do not prohibit the holding of both positions.
At the outset, we note that the City of Thibodaux is governed by the provisions of a home rule charter. Section 2 of Article VIII of the charter states "all elected officials, officers, and employees of the City shall comply with . . . the state dual office holding and dual employment laws." Our analysis then begins with a determination of the types of positions held as defined by the dual officeholding provisions.
The position of deputy marshal is considered an appointiveoffice under the dual officeholding law because it is an "office . . . which is specifically established or specifically authorized by the . . . laws of this state or by the charter or ordinances of any political subdivision . . . which is filled by appointment . . . by an elected or appointed public official or by a governmental body composed of such officials . . ."[1] The position of deputy marshal is authorized by La.R.S. 13:1881(B)[2], and is filled by appointment by the Marshal, an elected official.[3] *Page 2 
Similarly, the position of member of the Board of Adjustments is also considered an appointive office. The Board of Adjustments was created by the City of Thibodaux under Article IX of Ordinance No. 1034, adopted April 10, 1979.[4] All members of the Board are appointed by the City Council.
You state that the deputy marshal serves the City in his appointive office on a full-time basis. La.R.S. 42:63(E) prohibits the holding of two full-time appointive offices, but because the position of member of the Board of Adjustments is held on a part-time basis, the prohibition is inapplicable. We have also reviewed the incompatibility provisions of La.R.S. 42:64, and find none to be applicable here. It is the opinion of this office that a deputy marshal working on a full-time basis for the City of Thibodaux Marshal's Office may also serve as a member of the City of Thibodaux Board of Adjustments.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK: arg
Ms. Kelly Maggio Assistant Council Administrator Office of the Council P.O. Box 5418 Thibodaux, LA 70302
[1] La.R.S. 42:62(2).
[2] La.R.S. 13:1881(B) provides, in part:
B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal . . .
[3] La. R.S 13:1879(A) states "for each city court . . . there shall be a marshal . . ." and further provides "each marshal . . . shall be elected at the congressional election . . ."
[4] Article IX of Ordinance No. 1034 provides:
Board of Adjustment: Establishment and Procedure
A board of adjustment is hereby established (as provided for in Section 4727, Title 33, of the Louisiana Revised Statutes of 1950 as amended), which shall consist of five (5) members and two (2) alternate members, all of whom are appointed by the City Council. The regular members shall serve for a term of five (5) years. Alternate members shall be appointed for a term of three (3) years and shall serve only when called upon to comprise a full five-member board when a quorum is present. When so serving, alternate members shall have all the powers and duties of regular members. Members and alternates of the Board of Adjustments may be removed from office by the City Council for cause upon written charges and after public meeting. Vacancies shall be filled by resolution of the City Council for the unexpired term of the member affected.